UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CYNTHIA DRANE,                                    )
          Plaintiff,                            )
                               )          No. 1:25-cv-1478
v.                                                )
                               )          Honorable Paul L. Maloney
CATHOLIC CHARITIES WEST MICHIGAN,                 )
ET AL.,                                           )
          Defendants.                          )
_____          )

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on Magistrate Judge Berens's Report and Recommendation (R&R), (ECF No. 29), in which she recommended that Defendants' motion to dismiss be granted, (ECF No. 12). Plaintiff objected to the R&R. (ECF No. 31). After reviewing the objections, the Court finds no error in the Magistrate Judge's analysis. The R&R will thus be adopted in full and Defendants' motion will be granted.

## I.

After being served with a report and recommendation issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). An "objection does not oblige the district court to ignore the report and recommendation." *Fharmacy Recs. v. Nassar*, 465 F. App'x 448, 456 (6th Cir. 2012). Our

1

Local Rules require any party objecting to a report and recommendation to "specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections." W.D. Mich. LCivR 72.3(b); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (holding that "objections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error" are too general).

Motions to dismiss for failure to state a claim are governed by Federal Rule of Civil Procedure 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true" to plausibly suggest that the plaintiff is entitled to the relief requested. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Facts "merely consistent with" the defendant's liability suggest only possibility, not plausibility, and thus fail this test. *Id.* In assessing whether the complaint contains sufficient factual matter, courts need only accept factual allegations as true and not legal conclusions or unwarranted inferences. *Kottmayer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006).

## II.

Plaintiff alleges that she faced discrimination and harassment after requesting religious accommodations from Defendants. She raised theories under the First Amendment and Title VII. In the R&R, Magistrate Judge Berens determined that the complaint did not contain sufficient facts to support a viable claim that there was state action on which to build a First Amendment claim and did not contain sufficient facts to sustain a claim under Title VII. The Magistrate Judge evaluated only the allegations in the complaint, as she was required to do: a motion under Rule 12(b)(6) "invites an inquiry into the legal sufficiency of

2

the complaint" and, typically, nothing more. *Peatross v. City of Memphis*, 818 F.3d 233, 240 (6th Cir. 2016).

Plaintiff's objections go into matters beyond the face of the complaint; in fact, so far beyond that the Court struck and removed various filings to protect the privacy interests of third parties. (ECF No. 37). Plaintiff references a number of exhibits and sources for new factual allegations. But in evaluating a motion to dismiss, courts "must focus only on the allegations in the pleadings." *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 483 (6th Cir. 2020). Plaintiffs may not "amend their complaint in an opposition brief or ask the court to consider new allegations or evidence not contained in the complaint." *Id.* (citation modified). Amending the complaint to add new allegations is accomplished through a motion under Rule 15, not through briefing on a motion to dismiss. *Id.* Additionally, even if adding new allegations in responsive briefing were proper, adding them in an objection to a magistrate judge's R&R would not be. Parties cannot "raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000); *Morgan v. Trierweiler*, 67 F.4th 362, 367 (6th Cir. 2023) (explaining that issues raised for the first time in objections to a magistrate judge's proposed order are "deemed waived"); *Harvey v. Lillibridge*, No. 1:21-cv-661, 2022 WL 2817666, at *1 (W.D. Mich. July 19, 2022) ("[A] party cannot raise new arguments in an objection."). The Magistrate Judge here was not presented with any of the new evidence or allegations, but if she had been, she would have been correct to not evaluate them and reach the conclusions she did based on the face of the complaint.

## III.

Plaintiff's objections improperly attempted to add new evidence and allegations to support her claims for relief in response to a motion to dismiss, and the legal standard requires that the Court evaluate only the allegations properly presented in a pleading. The Magistrate Judge correctly confined her analysis to Plaintiff's complaint. The R&R (ECF No. 29) is thus **ADOPTED IN FULL.** Defendants' motion (ECF No. 12) is **GRANTED.**

**IT IS SO ORDERED.**

Date:  March 18, 2026                          /s/ Paul L. Maloney
                                               Paul L. Maloney
                                               United States District Judge

4